**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHAD ANDREW BERKLEY,

Defendant - Appellant.

No. 12-10140

D.C. No. 4:11-cr-02884-DCB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Ronald S.W. Lew, District Judge, Presiding[**]

Submitted October 15, 2013[***]

Before:     FISHER, GOULD, and BYBEE, Circuit Judges.

Chad Andrew Berkley appeals from the district court's judgment and

challenges his guilty-plea conviction for failure to register as a sex offender, in

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Ronald S.W. Lew, Senior United States District Judge
for the Central District of California, sitting by designation.

[***]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

violation of 18 U.S.C. § 2250(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Berkley argues that the registration requirements of the Sex Offender Registration and Notification Act ("SORNA") did not apply to him when he moved from Pennsylvania to Arizona in 2010, because the Attorney General's SMART guidelines, which made the requirements retroactive as of August 1, 2008, did not comply with the Administrative Procedure Act ("APA"). Berkley's claim is foreclosed by our decision in *United States v. Valverde*, 628 F.3d 1159, 1164, 1169 (9th Cir. 2010), in which we held that the final SMART guidelines issued on July 2, 2008, complied with the APA's procedural requirements and that SORNA became effective against offenders like Berkley, who were convicted before the statute's enactment, on August 1, 2008. *See United States v. Mattix*, 694 F.3d 1082, 1084-85 (9th Cir. 2012) (per curiam), *cert. denied*, 2013 WL 2417739 (U.S. Oct. 7, 2013).

**AFFIRMED.**